THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* LUIS PIÑEIRO QUIÑONES, Defendant and Appellant.

No. 15730.    Argued November 9, 1954.—Decided November 30, 1954.

*Santos P. Amadeo* and *César Andréu Ribas* for appellant.   *José Trías Monge, Attorney General,* and *Rafael L. Ydrach Yordán, Acting Fiscal of the Supreme Court,* for the appellee.

MR. JUSTICE SIFRE delivered the opinion of the Court.

·Appellant herein was prosecuted in the Superior Court of Puerto Rico, San Juan Part, for a violation of § 328 of the Penal Code.   The charge was that: "On August 31, 1952, in Río Piedras, Puerto Rico, . . . while driving a 'Mercury' automobile, license plate No. 18465, in an unlawful manner, negligently, unskillfully, carelessly and recklessly, at kilometer 1, hectometer 6 of Roosevelt Avenue, he caused it to collide with an electric light pole and with a 'Ford' vehicle

license plate No. 41011, as a result of which Mrs. Leticia Cintrón Rodríguez[1] died." The trial was held before a jury who rendered a verdict of guilty. The trial court rendered judgment ordering defendant to serve a sentence of from one to two years' imprisonment in the penitentiary. Said sentence was suspended pursuant to the provisions of Act No. 259 of April 3, 1946, as amended by Act No. 177 of May 4, 1949 (Sess. Laws, p. 556). On appeal we are asked to reverse it.

Appellant assigns as errors that, *first*, "the verdict is contrary to the law and to evidence, since it was not proved that defendant was guilty beyond all reasonable doubt, and therefore, the verdict was the product of passion and prejudice on the part of the jury" and *second*, that the trial court "erred in failing to charge the jury as to whether the victim's death was the proximate cause (sic) of the alleged gross negligence on the part of the defendant-appellant."

■ The question raised in the first assignment is without merit. The People introduced evidence which consisted of photographs and oral evidence tending to show that in the afternoon of August 31, 1952, a Sunday, in the section between Puerto Nuevo and Hato Rey—known as Roosevelt Avenue—where at the time there was considerable traffic, the appellant was driving a "Mercury" automobile along one of the lanes going towards Hato Rey, at an excessive speed,

---

[1] "Section 328.—(As amended by Act No. 51 of April 13, 1916, p. 105.) Every conductor, engineer, brakeman, switchman, or other person having charge wholly or in part of any railroad car, locomotive, automobile, train or steamboat, and any train dispatcher, telegraph operator, station agent, or other person wholly or in part charged with the duty of dispatching or directing the movements of any such car, locomotive, automobile, train or steamboat, who, through gross negligence or carelessness, suffers or causes the same to collide with another car, locomotive, automobile, train or steamboat, or with any other object or thing whereby the death of a human being is produced, is punishable by imprisonment in the penitentiary for a maximum term of five years.

"If as a consequence of the collision, injury is suffered by any person, such conductor, engineer, brakeman, switchman or other person shall be punishable by imprisonment in jail for a maximum term of two years, or by a maximum fine of one thousand dollars, or by both penalties in the discretion of the court."

and that upon reaching kilometer 1, hectometer 6, driving recklessly he zigzagged, swerving finally to his left, and violently ploughed into the center island or grass strip of said avenue knocking down an iron electric light pole; that upon reaching the opposite lane in the direction of Puerto Nuevo, that is, opposite the direction he was going, he "landed" on the front part of a "Ford" automobile which was going towards Puerto Nuevo at a moderate speed and driven by José Luis Calabria, accompanied by his wife, who as a result of the collision suffered serious injuries which caused her death.

The evidence for the defense, photographs and oral evidence, tended to establish that on the afternoon of the day mentioned in the information, while the accused was going along Roosevelt Avenue on his way to Hato Rey at a speed of from 30 to 35 miles and driving the aforesaid "Mercury" automobile, another automobile, blowing its horn excessively and trying to overtake him at kilometer 1, hectometer 6, forced him to swerve to the left causing defendant's car to cross the center island of the aforesaid avenue, collide with an electric light pole and land on the opposite lane, coming then to a stop; and that after he had stopped, the "Ford" automobile, driven at a considerable speed by Leticia Cintrón, collided with the rear part of defendant's vehicle.

The jury considered and weighed the evidence submitted by the parties and believed the evidence for the prosecution. Said evidence is sufficient to support the verdict, which in our opinion is not contrary to law, for which reason we do not feel justified in disturbing the judgment on the ground stated by appellant. *People* v. *García*, 64 P.R.R. 278; *People* v. *Camacho*, 69 P.R.R. 332; *People* v. *Rodríguez*, 70 P.R.R. 21. The charge that said verdict "was the product of passion and prejudice on the part of the jury" is altogether untenable.

■ The question raised in the second assignment also lacks merit. The defense did not ask the trial court to instruct the jury as to proximate cause. Notwithstanding,

said court gave the following instructions: "If you, gentlemen of the jury, believe, according to all that evidence and beyond any reasonable doubt, that this defendant, on the day and at the place mentioned in the information, displaying *wanton recklessness, carelessness, and gross negligence, drove an automobile so negligently that he caused it to collide with another vehicle coming in the opposite direction and as a result thereof a person named Leticia Cintrón Rodríguez died;* and you so believe beyond any reasonable doubt, the defendant then is guilty, if you gentlemen of the jury so believe, of a violation of § 328 of the Penal Code. If, on the other hand, gentlemen of the jury, you believe that no offense has been committed, or that in having committed some offense the defendant is not responsible for the death of Leticia Cintrón Rodríguez, *but that her death was due, not to defendant's gross negligence, but to that of another person travelling in the same automobile as Leticia Cintrón Rodríguez, or that said death was due to a fortuitous circumstance or to an act of God, or to an unforeseen event, without the intervention of fault or negligence on the part of the defendant,* then, in any of those cases, you must acquit the defendant because then he is not guilty." (Italics ours.)

It is urged in the discussion of this assignment that excessive speed merely constitutes prima facie evidence of negligence. This principle only means that the accused may introduce evidence tending to explain and justify the excessive speed. *State* v. *Lingman,* 91 P.2d 457. The verdict of guilty rendered in the instant case shows that appellant was not successful in overcoming the *prima facie* case presented by the prosecution.

The judgment appealed from will be affirmed.

Mr. Justice Ortiz did not participate herein.